UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
MARY VOORHEES,

                                        Petitioner,

        v.                                              9:04-CV-0893
                                                        (LEK)(GHL)

SUPERINTENDENT,

_____
                                        Respondent.
APPEARANCES:                            OF COUNSEL:

MARY VOORHEES
Petitioner, *pro se*
00-G-0980
Bedford Hills Correctional Facility
PO Box 1000
Bedford Hills, New York 10507-2499

ELIOT SPITZER                           MICHAEL P. KING, Esq.
Attorney General of the State of New York   Assistant Attorney General
Counsel for the Respondent
The Capitol
Litigation Bureau
Albany, NY 12224-0341

GEORGE H. LOWE, MAGISTRATE JUDGE

## ORDER

By Order of this Court filed January 24, 2005, petitioner Mary Voorhees was

granted leave to file a traverse to the response to the habeas corpus petition and the

Clerk of the Court was directed to file petitioner's nine page submission as her traverse.

Dkt. No. 23.  The Court noted in its Order that exhibits referenced in the traverse had

not been submitted to the Court and were not part of the authorized filing.  *Id*.

Petitioner thereafter submitted a copy of her traverse, accompanied by more

than two hundred pages of documents.  In addition to copies of several documents

which are already part of the record in this action, petitioner's submission includes a

renewed request for counsel, documents which appear to be the exhibits excluded from her traverse, as well as several drafts of legal memoranda relating to her case.[1] Petitioner has also filed yet another motion for counsel and a request for an evidentiary hearing.  Dkt. No. 25.

Petitioner's supplemental submission is not in a proper form for filing in this habeas corpus action and is hereby stricken from the record.  The various documents which comprise petitioner's submission are also specifically rejected for filing and petitioner is directed not to resubmit these materials.  In this regard, the Court notes that copies of documents which are a matter of record in this action may not be refiled.[2] With respect to the renewed request for counsel, petitioner was previously advised by the Court that she could file a renewed motion for counsel **if** the Court determines that an evidentiary hearing is necessary in this matter.  Dkt. No. 8.  To date, no evidentiary hearing has been scheduled and the request for counsel is therefore premature.  Drafts of factual and/or legal arguments relating to petitioner's claims are not a proper part of the record on a habeas petition pursuant to 28 U.S.C. § 2254 and are therefore rejected.

Turning to the documents which appear to be exhibits to petitioner's traverse, petitioner's effort to file these documents is in the nature of a motion for leave to expand the record and will be addressed as such.  Rule 5 of the Habeas Rules provides for the filing of an answer to a properly filed habeas petition.  The answer is to have

---

[1]  Petitioner's supplemental submission has been traditionally filed as docket number 26.

[2]  Petitioner's submission includes copies of docket entries 3, 23 and 24.

attached to it "such portions of the transcripts as the answering party deems relevant."

Rule 5 further provides that the court on its own motion or upon the request of the

petitioner may order that further portions of the transcript be furnished.  *Id.*  Pursuant to

Habeas Rule 7, the court may direct that the record be expanded by "the inclusion of

additional materials relevant to the determination of the merits of the petition."

The Court's review of petitioner's proposed submissions reveals that at least part

of the first exhibit (the autopsy report on the victim) is a part of the state court record

submitted by the respondent.  Petitioner's request to expand the record with an

additional copy of this document is denied.[3]

Petitioner also seeks to submit numerous documents which appear to be copies

of police investigative reports, drawings and diagrams, evidence logs and witness

statements.  Petitioner asserts that these documents are material to her claim of

innocence.  Dkt. No. 24.

It appears to the Court that all of these documents predate petitioner's state

court trial.  In addition, it does not appear that these were a part of petitioner's criminal

case or that they were ever filed by petitioner in the course of her appeal or in any

collateral state court proceeding.  Because these documents are not part of the state

court record relating to petitioner's conviction and because it does not clearly appear

that these records are material to the determination of the merits of the petition, they

are rejected for filing at this time.

Turning to Petitioner's request for an evidentiary hearing, it is well-settled in this

---

[3] Petitioner's attempt to augment this report with several pages of notes and copies
of an entry from a medical publication to the autopsy report is improper.

Circuit that the filing of a habeas petition does not entitle the petitioner automatically to a hearing. *See Newfield v. United States*, 565 F.2d 203, 207-08 (2d Cir. 1977). To warrant a hearing, the petitioner must set forth detailed and controverted issues of fact that, if proved at a hearing, would entitle the petitioner to relief.

The Court has not yet determined whether an evidentiary hearing is required in this action. Petitioner's habeas petition will be addressed in due course and the Court will determine whether a hearing is warranted. Petitioner's request is therefore denied, as is her further renewed request for counsel.

No further submissions by the parties are permitted. Should the Court find that any additional documents are necessary to a determination of the issues raised in the petition, or that further proceedings are warranted, an appropriate order will issue.

WHEREFORE, it is hereby

ORDERED, that for the reasons set forth above, petitioner's supplemental submission (Dkt. No. 26) is stricken from the docket in this action, and it is further

ORDERED, that petitioner's renewed motion for counsel and request for an evidentiary hearing (Dkt. No. 25) are denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

Dated:  April 20, 2005
        Syracuse, New York

_____
George H. Lowe
United States Magistrate Judge

4